*460 PER CURIAM.
This appeal arises out of a claim for unpaid overtime compensation brought by nineteen professional firefighters employed by the City of St. Albans, West Virginia (the City). The firefighters allege that the City’s method of calculating their regular rate of pay violates the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201-219 (1998). The district court, concluding that the City’s method of compensation complies with the FLSA, entered an order granting summary judgment to the City. We affirm the judgment of the district court.
I.
The parties’ stipulated facts indicate that the City’s firefighters are scheduled to work one twenty-four hour shift followed by forty-eight hours off. During a three week cycle, each firefighter works two forty-eight hour weeks and one seventy-two hour week. The firefighters are scheduled to work an average of 2,912 hours per year. This total includes 2,080 scheduled straight time hours, or hours within a forty hour workweek, and 832 scheduled overtime hours.
The City pays the firefighters a regular hourly rate for all hours worked up to and including forty hours per week. The firefighters are paid an overtime rate of one and one-half times their regular hourly rate for all hours worked in excess of forty per week. The City’s wage classification plan expresses the firefighters’ base pay as a total annual salary. In order to calculate the firefighters’ regular hourly rate, the City divides the firefighters’ annual salary by 3,328 hours. This divisor equals the number of hours for which the firefighters are scheduled to be paid. Since the firefighters are scheduled to work 832 overtime hours, and since they are compensated at a rate of one and one-half times their regular rate for these hours, the City adds 1,248 hours (832 hours multiplied by 1.5) to the firefighters’ 2,080 scheduled straight time hours to arrive at 3,328 hours.
The City’s method of calculating the firefighters’ regular hourly rate has been in practice since 1989. When the City interviews individuals for the firefighter positions, the City explains that the firefighters work rotating shifts, consisting of one twenty-four hour shift followed by forty-eight hours off. The City also explains the firefighters’ total annual pay.
In July 2002, the firefighters filed a complaint against the City in West Virginia state court, alleging violations of the FLSA. The case was timely removed to the United States District Court for the Southern District of West Virginia. The firefighters’ second amended complaint alleges that the City fails to properly compensate the firefighters for overtime work. The firefighters claim that the regular hourly rate, on which their overtime rate is based, is incorrectly calculated by the City. The district court granted summary judgment in favor of the City. The district court concluded that the firefighters’ annual pay includes an overtime premium, and that the City properly deducts the overtime premium when calculating the firefighters’ regular hourly rate. The firefighters appeal the district court’s decision.
We review a grant of summary judgment de novo, viewing all facts and inferences in the light most favorable to the nonmoving party. Love-Lane v. Martin, 355 F.3d 766, 775 (4th Cir.2004). Summary judgment is appropriate if “there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(c).
II.
The overtime provision of the FLSA requires employers to pay nonexempt em *461 ployees at least one and one-half times their “regular rate” for all hours worked in excess of forty per week. 29 U.S.C.A. § 207(a)(1) (1998). The “regular rate” refers to the hourly rate an employer pays an employee “for the normal, non-overtime workweek for which he is employed.” Walling v. Youngermanr-Reynolds Hardwood Co., 325 U.S. 419, 424, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945). In this case, it is undisputed that the City pays the firefighters overtime wages when the firefighters work more than forty hours in one week. The firefighters argue, however, that the City’s formula for determining their regular hourly rate fails to comply with the FLSA regulations. The firefighters contend that when calculating their regular hourly rate, the City must reduce their annual salary to its workweek equivalent and divide the workweek equivalent by the actual number of hours worked. See 29 C.F.R. §§ 778.109 and 778.113(b).
Although the regulations cited by the firefighters give some direction for calculating the regular hourly rate for an employee who is paid an annual salary, the regulations do not address the situation of an employee whose salary already includes a premium for overtime work. When an employee is hired on a salary basis, “the regular rate depends in part on the agreement of the parties as to what the salary is intended to compensate.” 29 C.F.R. § 778.323. “[I]f the annual salary was properly intended by the parties to account for both a regular rate and an overtime rate, the contemplated arrangement is in compliance with the FLSA.” Adams v. Dept. of Juvenile Justice, 143 F.3d 61, 68 (2nd Cir.1998).
We agree with the district court that the parties agreed to include an overtime premium in the firefighters’ annual pay. It is undisputed that the City explains the total annual pay to the firefighters when they are first interviewed. The City also explains the firefighters’ rotating shifts. The City’s method of calculating the firefighters’ regular hourly rate has been in practice since 1989, and the firefighters did not formally petition the City to change its method prior to filing this lawsuit. There is simply no evidence to support the firefighters’ contention that they did not agree for their annual pay to include an overtime premium. The firefighters place great emphasis on the deposition testimony of a City Council member, who testified that firefighters complained in the past about their overtime pay. While this testimony may suggest that the firefighters became unsatisfied with their wages, it does not contradict the conclusion that the firefighters’ agreed to their annual pay, and the included overtime premium, at the time they were hired.
We also agree with the district court that the City’s method of calculating the firefighters’ regular hourly rate complies with the FLSA. Since the firefighters’ annual pay includes an overtime premium, the City properly deducts the overtime premium when calculating the firefighters’ regular hourly rate. As previously stated, an employee’s regular hourly rate is the rate an employer pays for the normal, non-overtime work period. Walling, 325 U.S. at 424, 65 S.Ct. 1242 (emphasis added). See also 29 U.S.C. § 207(e) (1998) (providing for the exclusion of any overtime premium when calculating the regular rate); Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 464, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948) (noting that Congress clearly “intended to exclude overtime premium payments from the computation of the regular rate of pay.”). If the City did not convert the firefighters’ scheduled overtime hours into straight-time hours before calculating their regular rate, the firefighters’ regular rate would be inflated. “To permit overtime premium to enter into the *462 computation of the regular rate would be to allow overtime premium on overtime premium—a pyramiding that Congress could not have intended.” Bay Ridge Operating Co., 334 U.S. at 464, 68 S.Ct. 1186.
III.
Because the undisputed facts with regard to the firefighters’ claims for unpaid overtime compensation demonstrate that the City is entitled to judgment as a matter of law, the district court’s entry of summary judgment in favor of the City is

AFFIRMED.